Danielle K. Graham, Arizona Bar No. 030543
Law Office of Danielle K. Graham
15831 S. 33rd Place
Phoenix, AZ 85048
Telephone (Mobile): 480.225.8689
Facsimile:  866.973.8504
dkg@dkgrahamlaw.com
*Attorney for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SHON MARQUEZ,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>BROKER SOLUTIONS, INC., d/b/a NEW AMERICAN FUNDING, a California corporation;<br><br>　　　　　　　Defendant. | Case No.  CV-20-02144-PHX-SPL<br><br>**AMENDED COMPLAINT<br>AND DEMAND FOR JURY TRIAL** |

Plaintiff Shon Marquez ("**Plaintiff**") hereby demands a jury trial and for his Amended Complaint against Broker Solutions, Inc., d/b/a New American Funding ("**Defendant**") alleges under oath as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds the sum of $75,000.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Maricopa County, Arizona.

- 1 -

## PARTIES

3. Plaintiff is a resident of Maricopa County. Plaintiff is a citizen of Arizona.

4. Defendant Broker Solutions, Inc. d/b/a New American Funding is a California corporation authorized to do business in Arizona. Defendant is a citizen of California. Defendant is a licensed mortgage banker in accordance with A.R.S. § 6-943, license no. BK-0912376.

## FACTUAL ALLEGATIONS

5. On or about August 31, 2020, Plaintiff was pre-qualified by Defendant for a mortgage loan amount not to exceed $451,250 (the "**Loan**").

6. The Pre-Qualification Form (the "**PQF**"), dated August 31, 2020, was prepared by Defendant and signed by Defendant's employee Albert Garcia (Arizona License No. LO-0936633) ("**Garcia**"). The PQF expressly stated that Defendant had received from Plaintiff paystubs, W-2s, Personal Tax Returns, Down Payment/Reserves Documentation and Credit/Liability Documentation.

7. On August 31, 2020, Hue Dam ("**Seller**") and Plaintiff executed and otherwise accepted a Residential Resale Real Estate Purchase Contract and related counteroffer (the "**Purchase Contract**") pursuant to which Seller agreed to sell to Plaintiff the unique parcel of real property located at 3887 S. Ponderosa Drive, Gilbert, AZ 85297 (the "**Property**") for the purchase price of $465,000, with $441,750 to be funded with a conventional loan (the "**Loan Amount**").

8. The close of escrow on the Purchase Contract was scheduled for September 30, 2020 (the "**Close of Escrow**").

9. Pursuant to the PQF, Defendant was required to provide Seller and Brokers a Loan Status Update ("**LSU**") within ten (10) days of the Purchase Contract acceptance by Plaintiff and Seller.

10. On September 16, 2020 – six (6) days after the LSU was required to be disclosed – Defendant provided Plaintiff and Seller's agent with the LSU.

11. The LSU was prepared by Garcia and expressly stated that Defendant had ordered the appraisal; locked the loan program and financing terms, including interest rate and points; and the lock expired on October 31, 2020.

12. On or about September 16, 2020, Garcia told Plaintiff's authorized agent, Jaime Marquez ("**Jaime**"), that the Loan had been preapproved by underwriting.

13. Garcia repeatedly assured Plaintiff that the Close of Escrow would occur on time and stated that the Loan process was a "one touch" approval with underwriting "because of the completeness of the original file."

14. Despite Garcia's representations that the Loan had been preapproved by underwriting, Defendant subsequently determined that Plaintiff did not qualify for a conventional mortgage in the Loan Amount due to a higher debt to income ratio ("**DTI**") than permitted by Defendant's DTI guidelines (the "**DTI Guidelines**").

15. Plaintiff's DTI was disclosed to Defendant prior to the PQF, dated August 31, 2020. At that time, Garcia told Plaintiff that the DTI Guidelines allowed Plaintiff's higher DTI.

16. On or about September 22, 2020, Defendant admitted to Jaime during a recorded telephone call that Garcia did not know his company's DTI Guidelines and that Garcia "completely screwed up" by failing to know the DTI Guidelines.

17. On or about September 22, 2020, Garcia admitted to Jaime during a recorded telephone call that the LSU contained false statements regarding the appraisal and the loan program lock.

18. On or about September 22, 2020, Garcia admitted to Jaime during a recorded telephone call that he falsely stated the Loan had been preapproved by underwriting.

19. On or about September 22, 2020, Defendant admitted to Jaime during a recorded telephone call that Garcia had been "lying" to Plaintiff in connection with Defendant's mortgage banking services.

20. Pursuant to the terms of the Purchase Contract, three (3) days prior to the Close of Escrow, Plaintiff was required to execute all of the Loan documents or deliver to Seller a notice of inability to obtain Loan approval.

21. On September 27, 2020, Seller issued to Plaintiff a notice to cure, specifically requesting a notice of inability to obtain loan approval.

22. On September 29, 2020, Plaintiff provided Seller with a notice of unfulfilled loan contingency on the basis that Plaintiff was not able to obtain funding for the Purchase Price prior to the Close of Escrow. As a result, the Purchase Contract was terminated.

23. In the Multiple Listing Service ("**MLS**") marketing the Property, Seller stated she would consider seller financing.

24. On or about September 24, 2020, Plaintiff asked Seller if she would agree to seller financing in the approximate amount of $123,225.

25. Seller declined to provide seller financing so close to the Close of Escrow, stating that her refusal to extend seller financing was due to the numerous misrepresentations from Defendant regarding the status of the Loan.

26. On October 6, 2020, Seller executed a new purchase agreement with a new buyer. Seller and the new buyer closed escrow on November 5, 2020.

27. At a minimum, Plaintiff seeks damages for out-of-pocket expenses in the amount of $524; lost commission per the Purchase Contract in the amount of $13,950; and lost ability to purchase unique Property, including without limitation the additional cost to replace the Property with a comparable real estate in the approximate amount of $74,000.

**FIRST CAUSE OF ACTION**
**(Consumer Fraud, A.R.S. § 44-1522)**

28. Plaintiff incorporates by reference all preceding Paragraphs of this Complaint as if fully set forth herein.

29. Defendant represented to Plaintiff that the Loan had been preapproved by underwriting; Defendant's DTI Guidelines permitted Plaintiff's higher DTI; the Loan process was a "one touch" approval with underwriting "because of the completeness of the original file"; the appraisal has been ordered; and the loan program and financing terms had been locked (the "**Representations**").

30. Defendant intended to deceive Plaintiff by failing to disclose that the Representations were false: the Loan had never been preapproved by underwriting; Defendant's DTI Guidelines did not permit Plaintiff's higher DTI; the Loan process required full underwriting review and approval, not a "one touch" approval; the appraisal was not ordered as disclosed by Defendant to Plaintiff; and the loan program and financing terms had not been locked as represented by Defendant to Plaintiff.

31. The Representations constitute a deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of a material fact.

32. The Representations were used by Defendant with the intent that Plaintiff rely on such concealment, suppression or omission in connection with the sale of Defendant's Loan services.

33. Plaintiff relied upon these Representations in continuing with the Loan services from Defendant. Further, Plaintiff relied upon these Representations in deciding not to pursue other financing options, including seller financing, in sufficient time to meet the Close of Escrow. As a result, Plaintiff could not close escrow on the Purchase Contract.

34. Plaintiff has been substantially and materially harmed by Defendant's conduct and is entitled to recover damages for all compensatory, consequential, special and incidental damages, caused by or resulting from Defendant's violation of A.R.S. §44-1522 in an amount to be proven at trial; as well as all attorney's fees and costs in accordance with A.R.S. §§ 12-341 and 12-341.01.

## SECOND CAUSE OF ACTION
**(Negligence Per Se)**

35. Plaintiff incorporates by reference all preceding Paragraphs of this Complaint as if fully set forth herein.

36. Under A.R.S. § 6-947, a mortgage banker "shall not make a false promise or misrepresentation or conceal an essential or material fact in the course of the mortgage banker business."

37. Defendant is a licensed mortgage banker.

38. As discussed herein, in violation of A.R.S. § 6-947, Defendant made misrepresentations to Plaintiff and/or concealed from Plaintiff essential or material facts in the course of mortgage banker business.

39. A.R.S. § 6-947 is designed to protect Plaintiff's interest from the kind of harm which has resulted, and also to protect Plaintiff's interest against the particular hazard from which the harm results.

40. Defendant's misrepresentations and/or concealment in the course of mortgage banker business caused Plaintiff to continue using Defendant to process the Loan and refrain from obtaining other financing options, including seller financing, prior to the Close of Escrow. As a result, Plaintiff could not close escrow on the Purchase Contract.

41. Plaintiff has been substantially and materially harmed by Defendant's conduct and is entitled to recover damages for all compensatory, consequential, special and incidental damages, caused by or resulting from Defendant's negligence in an

amount to be proven at trial, as well as all attorney's fees and costs in accordance with A.R.S. §§ 12-341 and 12-341.01.

### THIRD CAUSE OF ACTION
**(Negligent Misrepresentation)**

42. Plaintiff incorporates by reference all preceding Paragraphs of this Complaint as if fully set forth herein.

43. Defendant represented to Plaintiff that the Loan had been preapproved by underwriting; Defendant's DTI Guidelines permitted Plaintiff's higher DTI; the Loan process was a "one touch" approval with underwriting "because of the completeness of the original file"; the appraisal has been ordered; and the loan program and financing terms had been locked.

44. The Representations were false: the Loan had never been preapproved by underwriting; Defendant's DTI Guidelines did not permit Plaintiff's higher DTI; the Loan process required full underwriting review and approval, not a "one touch" approval; the appraisal was not ordered as disclosed by Defendant to Plaintiff; and the loan program and financing terms had not been locked as represented by Defendant to Plaintiff.

45. Defendant intended that Plaintiff act upon the Representations in the manner reasonable contemplated.

46. Defendant failed to exercise reasonable care or competence in obtaining or communicating the false or incorrect information.

47. Plaintiff justifiably relied on the Representations.

48. Plaintiff has been substantially and materially harmed by Defendant's conduct and is entitled to recover damages for all compensatory, consequential, special and incidental damages, caused by or resulting from Defendant's negligent misrepresentations in an amount to be proven at trial; as well as all attorney's fees and costs in accordance with A.R.S. §§ 12-341 and 12-341.01.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter a judgment in favor Plaintiff and against Defendant:

A. Awarding Plaintiff compensatory, consequential, special, incidental damages and all other damages and restitution needed to make Plaintiff whole in an amount to be determined at trial, including all pre-judgment and post-judgment interest thereon at the maximum rate permitted by law;

B. Awarding attorney's fees and costs against Defendant in accordance with A.R.S. §§ 12-341 and 12-341.01 and any other applicable authority; and

C. For such other and further relief as the Court may deem just and proper under the circumstances.

RESPECTFULLY SUBMITTED this November 18, 2020.

Danielle K. Graham, Arizona Bar No. 030543
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2020, I electronically transmitted the foregoing document and any attachments to the U.S. District Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Colt B. Dodrill
Wolfe & Wayman LLP
11811 N. Tatum Blvd., Suite 3031
Phoenix, AZ 85028-1621
cbdodrill@ww.law
*Attorney for Defendant*

By: _____
Danielle K. Graham, Bar No. 030543
*Attorney for Plaintiff*