**COLT B. DODRILL, ESQ.**
**Arizona Bar No. 023907**
**WOLFE & WYMAN LLP**
**11811 N. Tatum Blvd., Suite 3031**
**Phoenix, AZ 85028-1621**
**cbdodrill@ww.law**
**Tel: (602) 953-0100**
**Fax: (602) 953-0101**

**Attorneys for Defendant**
**BROKER SOLUTIONS, INC.,**
**d/b/a NEW AMERICAN FUNDING**

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shon Marquez, | Case No. CV-20-02144-PHX-SPL |
| Plaintiff, | |
| v. | **ANSWER TO AMENDED COMPLAINT** |
| Broker Solutions, INC., d/b/a New American Funding, a California corporation, | |
| Defendants. | |

Defendant BROKER SOLUTIONS, INC., d/b/a NEW AMERICAN FUNDING ("NAF"), by and through its counsel of record, Wolfe & Wyman LLP, hereby answers the Amended Complaint of Plaintiff SHON MARQUEZ ("Plaintiff") as follows:

### JURISDICTION AND VENUE

1.      In answering paragraph 1 of the First Amended Complaint, NAF admits only that this Court has jurisdiction over Plaintiff's claims.  NAF denies the remainder of the allegations contained therein, including, but not limited to, any and all allegations that Plaintiff suffered any damages as a result of the events alleged herein.

2.      In answering paragraph 2 of the First Amended Complaint, NAF admits only that venue is proper in this court.  NAF denies the remainder of the allegations contained therein, including, but not limited to any and all allegations that Defendant committed any acts or omissions giving rise to Plaintiff's alleged claims herein.

1

3792926.1

**PARTIES**

3.     NAF admits the allegations contained in paragraph 3 of the Amended Complaint.

4.     NAF admits the allegations contained in paragraph 4 of the Amended Complaint.

**FACTUAL ALLEGATIONS**

5.     NAF denies the allegations contained in paragraph 5 of the Amended Complaint.

6.     In answering paragraph 6 of the First Amended Complaint, NAF admits only that the PQF speaks for itself.  NAF denies the remainder of the allegations contained therein.

7.     In answering paragraph 7 of the First Amended Complaint, NAF admits only that the "Purchase Contract" speaks for itself.  NAF denies the remainder of the allegations contained therein.

8.     In answering paragraph 8 of the First Amended Complaint, NAF admits only that the "Purchase Contract" speaks for itself.  NAF denies the remainder of the allegations contained therein.

9.     In answering paragraph 9 of the First Amended Complaint, NAF admits only that the PQF speaks for itself.  NAF denies the remainder of the allegations contained therein.

10.     In answering paragraph 10 of the First Amended Complaint, NAF admits only that the LSU speaks for itself.  NAF denies the remainder of the allegations contained therein.

11.     In answering paragraph 11 of the First Amended Complaint, NAF admits only that the LSU speaks for itself.  NAF denies the remainder of the allegations contained therein.

12.     NAF is without information sufficient to form a belief in which to respond to the allegations contained in paragraph 12 of the Complaint and therefore denies them.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

13.    NAF denies the allegations contained in paragraph 13 of the Amended Complaint.

14.    NAF denies the allegations contained in paragraph 14 of the Amended Complaint.

15.    NAF denies the allegations contained in paragraph 15 of the Amended Complaint.

16.    In answering paragraph 16 of the First Amended Complaint, NAF admits only that the September 22, 2020 telephone call speaks for itself.  NAF denies the remainder of the allegations contained therein.

17.    In answering paragraph 17 of the First Amended Complaint, NAF admits only that the September 22, 2020 telephone call speaks for itself.  NAF denies the remainder of the allegations contained therein.

18.    In answering paragraph 18 of the First Amended Complaint, NAF admits only that the September 22, 2020 telephone call speaks for itself.  NAF denies the remainder of the allegations contained therein.

19.    In answering paragraph 19 of the First Amended Complaint, NAF admits only that the September 22, 2020 telephone call speaks for itself.  NAF denies the remainder of the allegations contained therein.

20.    In answering paragraph 20 of the First Amended Complaint, NAF admits only that the "Purchase Contract" speaks for itself.  NAF denies the remainder of the allegations contained therein.

21.    NAF is without information sufficient to form a belief in which to respond to the allegations contained in paragraph 21 of the Complaint and therefore denies them.

22.    NAF is without information sufficient to form a belief in which to respond to the allegations contained in paragraph 22 of the Complaint and therefore denies them.

23.    NAF denies the allegations contained in paragraph 23 of the Amended Complaint.

24.    NAF is without information sufficient to form a belief in which to respond to

3792926.1

1   the allegations contained in paragraph 24 of the Complaint and therefore denies them.

2         25.     NAF is without information sufficient to form a belief in which to respond to

3   the allegations contained in paragraph 25 of the Complaint and therefore denies them.

4         26.     NAF is without information sufficient to form a belief in which to respond to

5   the allegations contained in paragraph 26 of the Complaint and therefore denies them.

6         27.     NAF denies the allegations contained in paragraph 27 of the Amended

7   Complaint.

8   **FIRST CAUSE OF ACTION**

9   **(Consumer Fraud, A.R.S. § 44-1522**

10         28.     NAF repeats and realleges its responses to paragraphs 1 through 27 above and

11   incorporates them by reference as though fully stated herein.

12         29.     NAF denies the allegations contained in paragraph 29 of the Amended

13   Complaint.

14         30.     NAF denies the allegations contained in paragraph 30 of the Amended

15   Complaint.

16         31.     NAF denies the allegations contained in paragraph 31 of the Amended

17   Complaint.

18         32.     NAF denies the allegations contained in paragraph 32 of the Amended

19   Complaint.

20         33.     NAF denies the allegations contained in paragraph 33 of the Amended

21   Complaint.

22         34.     NAF denies the allegations contained in paragraph 34 of the Amended

23   Complaint.

24   **SECOND CAUSE OF ACTION**

25   **(Negligence Per Se)**

26         35.     NAF repeats and realleges its responses to paragraphs 1 through 34 above and

27   incorporates them by reference as though fully stated herein.

28         36.     The allegations of paragraph 36 of the First Amended Complaint constitute

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

w&w

1   legal conclusions which do not require a response. To the extent a response is required, NAF

2   denies them

3        37.    NAF is without information sufficient to form a belief in which to respond to

4   the allegations contained in paragraph 37 of the Complaint and therefore denies them.

5        38.    NAF denies the allegations contained in paragraph 39 of the Amended

6   Complaint.

7        39.    The allegations of paragraph 39 of the First Amended Complaint constitute

8   legal conclusions which do not require a response. To the extent a response is required, NAF

9   denies them.

10       40.    NAF denies the allegations contained in paragraph 40 of the Amended

11  Complaint.

12       41.    NAF denies the allegations contained in paragraph 41 of the Amended

13  Complaint.

14                 **THIRD CAUSE OF ACTION**

15                 **(Negligent Misrepresentation)**

16       42.    NAF repeats and realleges its responses to paragraphs 1 through 41 above and

17  incorporates them by reference as though fully stated herein.

18       43.    NAF denies the allegations contained in paragraph 43 of the Amended

19  Complaint.

20       44.    NAF denies the allegations contained in paragraph 44 of the Amended

21  Complaint.

22       45.    NAF denies the allegations contained in paragraph 45 of the Amended

23  Complaint.

24       46.    NAF denies the allegations contained in paragraph 46 of the Amended

25  Complaint.

26       47.    NAF denies the allegations contained in paragraph 47 of the Amended

27  Complaint.

28       48.    NAF denies the allegations contained in paragraph 48 of the Amended

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

3792926.1

Complaint.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

AS A SEPARATE DEFENSE, neither the Amended Complaint nor any cause of action in the Amended Complaint states facts sufficient to constitute a cause of action against NAF.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations / Repose)

AS A FURTHER SEPARATE DEFENSE, the Amended Complaint and each cause of action contained therein are barred by the applicable statutes of limitation and/or repose.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

AS A FURTHER SEPARATE DEFENSE, Plaintiff's alleged injuries and damages, if any, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate them.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

AS A FURTHER SEPARATE DEFENSE, the Plaintiff has waived the right to maintain the actions filed in this case.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Due Care)

AS A FURTHER SEPARATE DEFENSE, that, at the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff failed to exercise

3792926.1

1  ordinary care, caution or prudence for the protection of Plaintiff's own safety and the injuries

2  and damages complained of by the Plaintiff in the Complaint, if any, were directly and

3  proximately caused or contributed to by the fault, failure to act, carelessness and negligence

4  of the Plaintiff and, as such, Defendants are not liable for Plaintiff's damages, if any.  This

5  defense is alleged in the alternative and does not admit any of the allegations contained in the

6  Amended Complaint.

7  ### SIXTH AFFIRMATIVE DEFENSE

8  **(Estoppel)**

9  AS A FURTHER SEPARATE DEFENSE, the Plaintiff is estopped by action of law

10  or by conduct from maintaining the actions filed in this case.  This defense is alleged in the

11  alternative and does not admit any of the allegations contained in the Amended Complaint.

12  ### SEVENTH AFFIRMATIVE DEFENSE

13  **(Laches)**

14  AS A FURTHER SEPARATE DEFENSE, the actions filed in this case are not

15  maintainable under the doctrine of laches because of Plaintiff's prejudicial delay in asserting

16  them.  This defense is alleged in the alternative and does not admit any of the allegations

17  contained in the Amended Complaint.

18  ### EIGHTH AFFIRMATIVE DEFENSE

19  **(Unclean Hands)**

20  AS A FURTHER SEPARATE DEFENSE, the Plaintiff, has "unclean hands" with

21  regard to the relief sought in the Amended Complaint and is therefore barred from obtaining

22  such relief.  This defense is alleged in the alternative and does not admit any of the

23  allegations contained in the Amended Complaint.

24  ### NINTH AFFIRMATIVE DEFENSE

25  **(Comparative Negligence / Fault)**

26  AS A FURTHER SEPARATE DEFENSE, at the time and place of the incident herein

27  alleged, Plaintiff did not exercise ordinary care, caution or prudence to avoid the incident and

28  resulting injuries, if any, sustained by Plaintiff, which were proximately caused and

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

3792926.1

1  contributed to by the negligence of Plaintiff, and, as such, Plaintiff is subject to the doctrine

2  of comparative negligence, and any award should be reduced by the amount of negligence by

3  which Plaintiff proximately contributed.  This defense is alleged in the alternative and does

4  not admit any of the allegations contained in the Amended Complaint.

5  **TENTH AFFIRMATIVE DEFENSE**

6  **(No Justiciable Controversy)**

7  AS A FURTHER SEPARATE DEFENSE, Plaintiff's Amended Complaint fails to

8  state the existence of a justiciable controversy between Plaintiff and NAF.  This defense is

9  alleged in the alternative and does not admit any of the allegations contained in the Amended

10  Complaint.

11  **ELEVENTH AFFIRMATIVE DEFENSE**

12  **(Damages Uncertain / Speculative)**

13  AS A FURTHER SEPARATE DEFENSE, Plaintiff's claimed damages are uncertain

14  and therefore the speculative nature of the damages renders them uncertain and/or

15  speculative.  This defense is alleged in the alternative and does not admit any of the

16  allegations contained in the Amended Complaint.

17  **TWELFTH AFFIRMATIVE DEFENSE**

18  **(Ratification)**

19  AS A FURTHER SEPARATE DEFENSE, Plaintiff ratified the alleged acts of NAF

20  by virtue of his own acts and/or omissions.  This defense is alleged in the alternative and

21  does not admit any of the allegations contained in the Amended Complaint.

22  **THIRTEENTH AFFIRMATIVE DEFENSE**

23  **(No Violation of Statute)**

24  AS A FURTHER SEPARATE DEFENSE, NAF did not violate any statute or

25  regulation under the laws of the United States of America or the State of Arizona.  This

26  defense is alleged in the alternative and does not admit any of the allegations contained in the

27  Amended Complaint.

28  *///*

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

3792926.1

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### (Good Faith)

3   AS A FURTHER SEPARATE DEFENSE, each and every act done or statement

4   made by NAF, as referenced in the Amended Complaint, has been reasonably made and was

5   in good faith.  This defense is alleged in the alternative and does not admit any of the

6   allegations contained in the Amended Complaint.

7

## FIFTEENTH AFFIRMATIVE DEFENSE

8

### (Right to Add Additional Affirmative Defenses)

9   NAF is informed and believe, and thereupon alleges, that because the Amended

10  Complaint herein is couched in conclusory terms, NAF cannot fully anticipate all affirmative

11  defenses that may be applicable to the Answer.  Accordingly, the right to assert additional

12  affirmative defenses, if and to the extent that such affirmative defenses are applicable, is

13  hereby reserved.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

3792926.1

**PRAYER FOR RELIEF**

WHEREFORE, Defendant BROKER SOLUTIONS, INC., d/b/a NEW AMERICAN FUNDING prays for judgment as follows:

1.      That Plaintiff recovers nothing on account of the claims made in the Amended Complaint;

2.      For Judgment in favor of BROKER SOLUTIONS, INC., d/b/a NEW AMERICAN FUNDING.

3.      That BROKER SOLUTIONS, INC., d/b/a NEW AMERICAN FUNDING be awarded costs of suit and their reasonable attorney's fees; and

4.      For such other and further relief as the court may deem just and proper in the premises.

DATED:  November 30, 2020                    WOLFE & WYMAN LLP


By: */s/ Colt B. Dodrill*
    COLT B. DODRILL, ESQ.
    Arizona Bar No. 23907
    11811 N. Tatum Blvd., Suite 3031
    Phoenix, AZ 85028-1621
    cbdodrill@ww.law
    Phone (602) 953-0100
    Fax (602) 953-0101

    Attorneys for Defendant
    **BROKER SOLUTIONS, INC., d/b/a
    NEW AMERICAN FUNDING**

3792926.1

**CERTIFICATE OF SERVICE**

On November 30, 2020, I served the **ANSWER TO FIRST AMENDED**

**COMPLAINT** by the following means to the persons as listed below:

☒      a.      EFC System (you must attach the "Notice of Electronic Filing," or list all

persons and addresses and attach additional paper if necessary):

Danielle K. Graham, Esq.                              Attorney for Plaintiff SHON MARQUEZ
Law Office of Danielle K. Graham
15831 S. 33rd Place
Phoenix, AZ 85048
T;  480-225-8689
F:  866-8973-8504
dkg@dkgrahamlaw.com


☐      b.      United States Mail, postage fully pre-paid (List persons and addresses.

Attach additional paper if necessary):


By:    _/s/ Kathleen S. Gambill_____
          Kathleen S. Gambill
          An employee of Wolfe & Wyman LLP